UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jennifer Solis, | No. 1:25-cv-00361-JLT-GSA |
| Plaintiff, | |
| v. | **FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, TO REMAND FOR FURTHER PROCEEDINGS, AND TO DIRECT ENTRY OF JUDGMENT IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER OF SOCIAL SECURITY** |
| Commissioner Of Social Security, | |
| Defendant. | |
| | **(Doc. 13, 15)[1]** |

I.      **Introduction**

Plaintiff Jennifer Solis seeks judicial review of a final decision of the Commissioner of Social Security denying her application for social security disability insurance (SSDI) pursuant to Title II of the Social Security Act.[2]

II.      **Factual and Procedural Background**

On May 20, 2020, Plaintiff applied for SSDI alleging a disability onset date of August 14, 2019. The Commissioner denied the application initially on November 13, 2020, and at reconsideration on March 16, 2021. The ALJ held a hearing on December 6, 2023. On December 28, 2023, the ALJ issued a partially favorable decision finding that Plaintiff was disabled as of October 1, 2021, but that Plaintiff was not disabled between August 14, 2019 to September 30,

---

[1] Per the scheduling order, going forward the parties are instructed to the docket their fillings as Motions and Cross Motions for Summary Judgment. ECF No. 5 at 2.
[2] The parties did not consent to the jurisdiction of a United States Magistrate Judge. Doc. 7, 11.

1

2021.  On December 19, 2024, the Appeals Council declined review and this appeal followed.

### III.    The Disability Standard

Pursuant to 42 U.S.C. §405(g), this court has the authority to review a decision by the Commissioner denying a claimant disability benefits.  "This court may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted).  Substantial evidence is evidence within the record that could lead a reasonable mind to accept a conclusion regarding disability status.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971).  It is more than a scintilla, but less than a preponderance.  *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (internal citation omitted).

When performing this analysis, the court must "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Social Security Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citations and quotations omitted).  If the evidence could reasonably support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision.  *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted).  "[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

> To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c(a)(3)(A).  An individual shall be considered to have a disability only if . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 416.920(a)-

(f).  The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled.  20 C.F.R. §§ 416.927, 416.929.

Specifically, the ALJ is required to determine: 1- whether a claimant engaged in substantial gainful activity during the period of alleged disability, 2- whether the claimant had medically determinable "severe impairments," 3- whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, 4- whether the claimant retained the residual functional capacity ("RFC") to perform past relevant work, and 5- whether the claimant had the ability to perform other jobs existing in significant numbers at the national and regional level. See, 20 C.F.R. § 416.920(a)-(f).  While the Plaintiff bears the burden of proof at steps one through four, the burden shifts to the commissioner at step five to prove that Plaintiff can perform other work in the national economy given her RFC, age, education and work experience.  *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).

## IV.    The ALJ's Decision

At step one the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of August 14, 2019.  AR 25.   At step two the ALJ found that Plaintiff had the following severe impairments: chronic pain syndrome, chronic fatigue syndrome, sleep apnea, migraines, degenerative disc disease, fibromyalgia, postural orthostatic tachycardia syndrome (POTS), and somatic disorder.  AR 25

At step three the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  AR 25–27.

Prior to step four, the ALJ evaluated Plaintiff's residual functional capacity (RFC) and concluded that Plaintiff had the following RFC for the period during which she was found not disabled.

I find that prior to October 1, 2021, the date the claimant became disabled, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant could lift and carry 10 pounds occasionally and less than 10 pounds frequently, and stand and walk about two hours in an eight-hour workday, but she could not tolerate concentrated exposure to dust,

fumes, or other respiratory irritants. She could perform <u>simple routine tasks that did not require sustained concentration</u>

AR 27–34 (emphasis added).

The ALJ also concluded that Plaintiff had the following RFC for the period during which she <u>was</u> found to be disabled, which the ALJ determined began on October 1, 2021:

> to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can lift and carry 10 pounds occasionally and less than 10 pounds frequently, stand and walk about two hours in an eight-hour workday, but never for more than 15 minutes at one time and she would need to use a walker to ambulate. She cannot tolerate concentrated exposure to dust, fumes, or other respiratory irritants. She can perform simple routine tasks that do not require sustained concentration, and she would need to take two 15 minutes breaks per day in additional to those breaks normally and regularly given.

AR 35.

At step four, the ALJ concluded that Plaintiff could not perform her past relevant work doing composite investment analysis, nor her work as a director of research development, nor her work as a cook helper.  AR 35.  At step five, in reliance on the VE's testimony, the ALJ found that prior to October 1, 2021, there were other jobs existing in significant numbers in the national economy which Plaintiff could perform: document preparer (DOT# 249.587-018), telephone solicitor (DOT# 299.357-014), and receptionist (DOT# 237.367-038).

The ALJ explained that "Pursuant to SSR 00-4p, I have determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." AR 36.  The ALJ concluded that prior to the established onset date of disability,  October 1, 2021, considering the Plaintiff's age, education, work experience and RFC, the claimant was capable of making a successful adjustment to other work that existed in significant numbers in the national economy.  The ALJ therefore found that Plaintiff was not disabled prior to October 1, 2021.  AR 37.

## V.    Issues Presented

Plaintiff raises one issue: whether the ALJ erred in failing to explain how she resolved the conflict between Plaintiff's limitation to simple routine tasks with that of the VE's testimony that

Plaintiff could perform jobs with a DOT Reasoning Level of R3.  Opening Brief[3] at 1.

> **A.**    **RFC Generally; DOT Reasoning Level; Resolution of Conflicts**

> **1.**    **Legal Standard**

Before proceeding to steps four and five, the ALJ must first determine the claimant's residual functional capacity.  *Nowden v. Berryhill*, No. EDCV 17-00584-JEM, 2018 WL 1155971, at *2 (C.D. Cal. Mar. 2, 2018).  The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96–8p.

In doing so, the ALJ must determine credibility, resolve conflicts in medical testimony and resolve evidentiary ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995).  "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record such as medical records, lay evidence and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *Robbins,* 466 F.3d at 883. *See also* 20 C.F.R. § 404.1545(a)(3) (residual functional capacity determined based on all relevant medical and other evidence).  "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

> **2.**    **Analysis**

Given the above, the only period under review is the period between the alleged disability

---

[3] Going forward, Counsel is reminded to docket the filing as a Motion for Summary Judgment, not an opening brief (as it was previously described), per the scheduling order, ECF No. 5 at 2.

onset date of August 14, 2019 through the date of September 30, 2021 as Plaintiff was found to be disabled beginning October 1, 2021.

Plaintiff challenges the ALJ's step 5 finding which concluded that based on the testimony of the Vocational Expert (VE) that prior to October 1, 2021 there were jobs existing in significant numbers in the national economy that Plaintiff could perform.  The specific jobs identified by the ALJ are set forth above.  Importantly, according to the Dictionary of Occupational Titles (DOT), each of the identified jobs has a reasoning level requirement of R3 (hereinafter, "R3" jobs).[4]

Notably the RFCs here, both before and after October 1, 2021, specify that Plaintiff can only "perform simple routine tasks that do not require sustained concentration."  AR 35 (emphasis added).

It is well established in the Ninth Circuit that there exists an apparent conflict between an RFC for simple repetitive/routine[5] tasks with jobs having a DOT reasoning level of R3.[6]  See Zavalin v. Colvin, 778 F.3d 842 (9th Cir 2015) (holding that "Today, we join the Tenth Circuit and hold that there is an apparent conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning").  Michelle G. v. Berryhill, 2019 WL 3322405, at *10 (S.D. Cal. 2019), citing DOT, App. C, 1991 WL 688702.

For there to be a difference between a VE's testimony and the DOT so that it can be fairly characterized as a conflict, "it must be obvious or apparent." Gutierrez v. Colvin, 844 F.3d 804, 808 (9th Cir. 2016). The testimony must be at odds with the DOT's listed job requirements that are

---

[4] The DOT defines level three reasoning as follows: "Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." Appendix C - Components of the Definition Trailer, 1991 WL 688702.

[5] ALJs and courts alike (such as those cited above) use the terms "routine" and "repetitive" interchangeably.

[6] By contrast, jobs with a reasoning level of R2 are in fact compatible with a limitation to simple and routine work. See Davis v. Saul, 846 F. App'x 464, 466 (9th Cir. 2021) ("simple work is consistent with positions requiring Reasoning Level 2."); Cervantes v. O'Malley, No. 1:22-CV-1565 JLT GSA, 2024 WL 1173827, at *4 (E.D. Cal. Mar. 19, 2024) ("The Ninth Circuit has repeatedly indicated the ability to perform "simple" work corresponds with Reasoning Level 2 abilities.); Meissl v. Barnhart, 403 F. Supp. 2d 981 (C.D. Cal. 2005) (finding no conflict between limitation to simple/routine tasks and jobs with a reasoning level of R2).

"essential, integral, or expected." Id.

To begin, the VE's testimony, which found Plaintiff could perform the above identified jobs, is in conflict with the DOT.  This is because a limitation to simple and repetitive/routine tasks is incompatible with level R3 reasoning. When there is a conflict, "[n]either the DOT nor the VE" automatically controls. SSR 00-4p. Rather, before relying on VE testimony an ALJ must identify and obtain a reasonable explanation for any conflicts between the evidence provided by a VE and information in the DOT.

Defendant's argument on this point contends that the ALJ identified the conflict and gave a reasonable explanation by explaining that Plaintiff's RFC limited her to simple routine tasks that did not require sustained concentration. AR 27, 35

Defendant emphasizes that, when presenting the hypothetical to the VE at the administrative hearing, the ALJ explained that the such an individual "could sustain concentration or attention for up to two hours at a time but would need a break after two hours on these simple tasks" and "the tasks themselves…could be the same task over and over again, but [would be] tasks that don't take very long to complete, like pick something up, put a sticker on it, put it in a box."  AR 93.

However, it is unclear how this explanation resolves the conflict.  Moreover, the hypothetical posed to the VE that such an individual could sustain concentration for two hours simply does not resolve the conflict as the hypothetical specifies that the individual could "sustain concentration for up to two hours" (AR 93), whereas the RFC by contrast specified that the claimant could "perform simple routine tasks that do not require sustained concentration."  AR 35 (emphasis added).  As such, the hypothetical is not consistent with the RFC as it is reasonable to conclude that concentration for 2 hours is "sustained concentration",  and when an ALJ's hypothetical to the VE does not reflect all of the claimant's limitations, the expert's testimony has no evidentiary value to support the conclusion that the claimant can perform her past relevant work or other jobs existing

in the national economy.  See Alexander v. Saul, 817 F. App'x 401, 404 (9th Cir. 2020).

Defendant argues that the VE resolved the conflict as follows:

> The VE responded that the ALJ's explanation "help[ed]" her respond. Tr. 94. The VE testified that the individual would not be able to perform all jobs with the listed titles but would be able to perform a fraction of them. Tr. 94-96. Moments later, the ALJ identified the conflict between the DOT and the VE's testimony; in response, the ALJ read into the record the DOT's definition of level three reasoning and asked whether it was consistent with the hypothetical. Tr. 100-01. The VE responded that it was consistent. AR 101.

However, this simple unadorned assertion by the VE that a R3 reasoning level is consistent with the hypothetical fails to resolve the conflict absent some explanation as to the basis for the VE's belief.  Moreover, there needed to be an explanation as to what reasoning skills were required by the identified jobs and how those were actually less demanding that the DOT's R3 classification.

The VE provided the following additional testimony on the issue:

> EXAMINATION OF VOCATIONAL EXPERT BY ATTORNEY:
> Q: Ms. Chandler, the document –
> A :Yes?
> Q: preparer job that you described is described in the DOT as requiring a reasoning level of 3, is that correct?
> A: I can look that up, but I don't have that at my fingertips. Okay. Reasoning, math, and language is 3, 1, 2. So you're right. Reasoning is a level 3.
> Q: In your experience, is the position performed consistent with its description in the DOT?
> A: I'm sorry, your question was not clearly understood. So if -- maybe I didn't hear it really –
> Q: Sure.
> A: -- well.
> Q: In your experience, is the document preparer job performed consistently with that description, which includes a reasoning level of 3?
> A: Well, I don't quite see the level being completely accurate, but we've quibbled over the reasoning levels 2 versus 3 for some time in the Agency here, and I don't see it inconsistent with that -- those jobs I just classified.  AR 98–99.

However, for the VE to simply state that the DOT's R3 categorization was not "completely accurate," and that the Agency has "quibbled" over R2 vs. R3 jobs, is inadequate for resolving the conflict because the basis of the VE's belief is still left unexplained.  Again, unanswered by the VE is what types of reasoning skills do the

8

identified jobs require and why are those skills less demanding than the DOT's R3 classification.

In sum, the Ninth Circuit unmistakably held in <u>Zavalin</u> that there is an <u>apparent conflict</u> between simple/repetitive tasks and Level 3 Reasoning. <u>Zavalin,</u> 778 F.3d at 842.   The VE in this case simply did not adequately resolve the conflict.

### VI.    <u>Findings</u>

Substantial evidence and applicable law do not support the ALJ's conclusion that Plaintiff was not disabled.  Remand is appropriate for the ALJ to conduct a new hearing and issue a new decision consistent with these findings and recommendations.  <u>Treichler</u>, 775 F.3d at 1099 (when a court does not affirm the agency's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.").

### VII.    <u>Recommendations</u>

For the reasons stated above, the recommendation is as follows:

1.    That Plaintiff's motion for summary judgment (Doc. 13) be **GRANTED.**

2.    That Defendant's cross-motion (Doc. 15) be **DENIED.**

3.    That the matter be remanded to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the Findings and Recommendations.

4.    That the Court Clerk of Court be directed to enter judgment in favor of Plaintiff Tiffani Rinzel and against Defendant Commissioner of Social Security.

### VIII.    <u>Objections Due Within 14 Days</u>

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

    Dated:  __**January 9, 2026**__    _____**/s/ Gary S. Austin**_____
                                    UNITED STATES MAGISTRATE JUDGE